PeaesoN, C. J.
 

 In
 
 Bond
 
 v. McNider, 3 Ired. Rep. 440, the entry was, “dismissed at
 
 defendants
 
 cost,” and it was held this did not support the plea of former judgment, and could not be taken as the act of the Court; because, upon a trial, either by verdict, or upon the admission of the parties, the Court had no authority to enter such a judgment. If the Court dismissed the suit, the defendants were entitled to recover costs, and could not be made to pay costs; so, the entry could be no more than an “agreement of the parties;” and, under the plea of “ accord and satisfaction,” the question was open as a matter of fact for the jury, whether the agreement had reference to that particular action, or was intended as an accord of the cause of action, which was satisfied by the payment of the cosls of the suit then pending. To the same-effect, is
 
 Carter
 
 v.
 
 Wilson,
 
 2 Dev. and Bat. 276. In our case-the entry is, dismissed at the cost of the
 
 plaintiff.
 
 This maybe taken as the act of the justice of the peace, and
 
 jprima facie
 
 it is so, because upon the trial, if he was of opinion that the evidence, offered, did not prove the allegation of the plaintiff, i. e., the existence of a former judgment, whieh was the-foundation of the suit, he had authority, and it was his duty,, to enter judgment in favor of the defendant, and the entry in-question, although not expressed iu formal and technical terms, was, in substance, a judgment that the defendant go without day and
 
 recover his
 
 costs. This distinguishes it from
 
 Bond
 
 v.
 
 McNider,
 
 and
 
 Carter
 
 v.
 
 Wilson,
 
 where the defendant was to-
 
 fay
 
 costs; which was inconsistent with the fact, that the judgment was in his favor. But a plaintiff may take a non-
 
 *402
 
 suit, or discontinue the suit, at any time before the verdict is -announced, when the case is pending in a county-or superior -court, or before the justice makes known his opinion where the case is pending before a single justice, and, thereupon the court, or justice, gives judgment in favor of the defendant for costs, which does not affect the cause of action, and leaves it open for another suit.
 

 As this proceeding was before a single justice, and the entry was susceptible of two constructions, and,might be a judgment in the defendant’s favor on the merits, or simply for the costs, as in case of a nonsuit, and much allowance is made for the want of formality in the entries made by justices, it was proper to hear evidence in explanation, so as to to see whether it was a judgment affecting the cause of action, and concluding the plaintiff in respect to it, or was merely a judgment affecting the costs in the nature of a nonsuit; and we entirely concur with his Honor, that if the testimony of Stone was believed, which was a matter for the jury, the legal effect of the entry was to show a judgment upon the merits; for the justice heard the evidence in support of the plaintiff’s allegation of a former judgment, and having considered the same, was of opinion that the allegation was not proved, and gave his judgment accordingly. There is no error.
 

 Pee Cueiam, Judgment affirmed.